IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01139-BNB

DAVID SPICER,

    Applicant,

v.

WARDEN BLAKE DAVIS,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

    Applicant, David Spicer, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Spicer has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Spicer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Spicer will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

    The court has reviewed the application and finds that the issues Mr. Spicer is raising are not raised properly in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, — F.3d —, 2012 WL 1511775 (10th Cir. May 1, 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). Although Mr. Spicer does not assert any actual claims in the application, he alleges, in describing the background of the case, that

> Warden Davis is placing my life in danger by Mexican Mafia gang, Aryan Brotherhoods, Blood gang members and others by forcing me to go through step-down program due to me being label[ed] a snitch from Marion, IL. And now my religion by refusing to fully investigate why I was sent from Marion to protective custody at Terre Haute, IN.

(ECF No. 1 at 2.) The documents attached to the application, to which Mr. Spicer refers rather than asserting any specific claims for relief, relate to similar issues regarding Mr. Spicer's safety in prison. The relief Mr. Spicer seeks is a transfer to either a state facility or a lower security federal facility.

Because Mr. Spicer's safety while incarcerated and the relief he seeks raise issues regarding the conditions of his confinement, he will be directed to file a Prisoner Complaint if he wishes to pursue any claims in this action. *See Palma-Salazar*, 2012 WL 1511775 at *6 (concluding that claims seeking transfer from one BOP facility to another properly are construed as conditions of confinement claims that may not be raised in a habeas corpus action pursuant to § 2241). Mr. Spicer must allege specific facts in the Prisoner Complaint that demonstrate how each Defendant he names personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Spicer to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when

the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Spicer has paid the $5.00 filing fee for a habeas corpus action. However, because the court has determined that the issues Mr. Spicer is raising must be raised in a civil rights action, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a). Mr. Spicer is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Spicer will be ordered either to pay the remaining $345.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Spicer file an amended pleading using the court-approved Prisoner Complaint form and either pay the balance of the $350.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Spicer shall obtain the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Spicer fails within the time allowed to file an amended pleading as directed and either to pay the balance of the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915, the action will be dismissed without further notice.

    DATED May 4, 2012, at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge